THERESA K. SYLVIA *vs.* ANTHONY G. SYLVIA.

JUNE 26, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Divorce. Contempt Proceedings.*

After an adjudication in contempt in the Superior Court, for failure to perform an order of that court, the issuance of an attachment in contempt is within the sound discretion of that court, which the appellate court will not attempt to control.

(2) *Divorce. Contempt Proceedings.*

The fact that after a decree of divorce, which awarded a certain sum per week to be paid by respondent to petitioner for her support, the respondent

remarried, and assumed new obligations, will not relieve him from his financial obligations arising out of the divorce proceedings, but the fact that the court in refusing to order process in contempt against the person of respondent, considered the circumstances of the new marriage, will not warrant the appellate court in reversing the order of the lower court.

DIVORCE. Heard on appeal of petitioner and appeal dismissed.

SWEETLAND, C. J. The above entitled cause is a petition for divorce. In the Superior Court on March 28, 1918, a decree was entered for the petitioner divorcing her from the bond of marriage, and also a decree giving to the petitioner the custody of the minor child of the petitioner and respondent and awarding to the petitioner the sum of five dollars per week, to be paid by the respondent for the support of the petitioner and said minor child.

The cause is before us upon the appeal of the petitioner from a decree of the Superior Court entered September 10, 1921, wherein that court, upon the petition of the petitioner, adjudged that there was due and unpaid from the respondent to the petitioner the sum of eight hundred and seventy-five dollars, arrears of payments under the final decree of March 28, 1918, and adjudged that the respondent was in contempt for his failure to comply with said final decree. The court, however, did not order an attachment to issue against the body of the respondent for said contempt. The petitioner's appeal is based upon her objection to the refusal of said Superior Court to order an attachment against the body of the respondent for the contempt.

It appears that since said final decree of March 28, 1918, the respondent has married, and, in refusing to issue process in contempt against the respondent, the court took the fact of the respondent's remarriage into consideration, together with the condition of the respondent's health, and what the court found to be the respondent's present financial ability to pay said sum in arrears. The court did however in said decree order the respondent to pay to the petitioner the sum of five dollars per week thereafter "without prejudice to

further proceedings to secure payment of alimony in arrears in case respondent's condition as to ability to pay changes."

The petitioner claims that the action of the Superior Court was erroneous in giving any weight to the fact of the respondent's remarriage, when considering whether process in contempt should issue against him. After an adjudication in contempt in the Superior Court, for failure of a party to perform an order of that court, the issuance of an attachment in contempt is within the sound discretion of the Superior Court, and we will not attempt to control that discretion. The marriage of the respondent and the assumption of new obligations did not relieve him from his financial obligation arising out of the divorce proceedings; but the fact that the court in refusing to order process in contempt against the person of the respondent, considered the circumstances of the new marriage, will not warrant us in reversing the court's order.

The appeal is dismissed. The decree appealed from is affirmed. The case is remanded to the Superior Court for further proceedings.

*William M. P. Bowen*, for petitioner.

*Anthony V. Pettine*, for respondent.